IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KIMBERLY A. GARDNER**,

       Plaintiff,

   v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

       Defendant.

No. 6:12-cv-00755-JE

OPINION AND ORDER

**MOSMAN, J.**,

On January 7, 2014, Magistrate Judge Jelderks issued his Findings and Recommendation ("F&R") [48] regarding Plaintiff's application for fees pursuant to the Equal Access to Justice Act ("EAJA") [27]. Judge Jelderks recommends that Plaintiff be awarded attorney fees in the amount of $6,713.06 [48]. In so recommending, he necessarily found that the Commissioner's position in opposing Plaintiff's appeal was not substantially justified. I find that it was substantially justified, and thus DENY Plaintiff's Application for Fees [27].

## LEGAL STANDARDS

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

A prevailing party is entitled to fees under the EAJA unless the court finds that the government's "position was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified to a degree that could satisfy a reasonable person," or "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2; *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact.").

## DISCUSSION

This court remanded Ms. Gardner's case for consideration of the new evidence submitted after the ALJ's decision, concluding that there was no longer substantial evidence supporting the ALJ's decision once the new evidence was taken into account. (*See* F&R [19] at 24–25, Op. & Order [25].) The Commissioner had argued that the Ninth Circuit's recent decision in *Brewes v.*

*Comm'r*, 682 F.3d 1157 (9th Cir. 2012), requires a reviewing court to "determine whether the ALJ's decision is supported by substantial evidence in light of the whole record including the evidence first submitted to the Appeals Council." (Def.'s Br. [17] at 8.) She argued that the ALJ's decision should be affirmed if it was still supported by substantial evidence "in light of the whole record." *Id.*

I find this to be a correct reading of *Brewes*. The *Brewes* court held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." 682 F.3d at 1163. Judge Jelderks stated this standard as follows: "[w]here, as here, the Appeals Council has considered additional evidence after an ALJ has issued a decision, the question for a reviewing court is whether the ALJ's finding that a claimant is not disabled is supported by substantial evidence in light of the entire record, including the new evidence." (F&R [19] at 24.) Thus, the Commissioner's legal argument—her position on the correct interpretation of *Brewes*—was consistent with *Brewes* and substantially justified.

I find that the Commissioner's argument that the newly submitted evidence did not result in a lack of substantial evidence supporting the ALJ's decision in this case was also substantially justified. District courts throughout the Ninth Circuit, and within this district, have disagreed as to how *Brewes* is to be applied.[1] Thus, I cannot say that the Commissioner was unjustified in

---

[1] *See, e.g., Carmickle v. Comm'r*, No. 12-1629 (D. Or. Oct. 22, 2013) (ECF No. 26); *Bowling v. Colvin,* No. 12-35, 2013 WL 2370623, at *12 (D. Ariz. May 29, 2013) (affirming the Commissioner's decision, reasoning that it "is unlikely" that new evidence "would have altered the ALJ's analysis"); *Van Curan v. Colvin*, No. 12-347, 2013 WL 3742412, at *11 (D. Ariz. July 17, 2013) (affirming where new objective evidence that claimant had a back disorder would not have affected the ALJ's stated reasons for discounting complaints of disabling back pain); *Brister v. Colvin*, No. 12-726, 2013 WL 2318842, at *6–7 (D. Or. May 27, 2013) (remanding "so that an ALJ can consider the weight that should be given to [a new doctor's report] and determine whether [the doctor's] opinions, along with the other evidence in the

3 – OPINION AND ORDER

arguing, on the record in this case, that the new evidence did not result in a lack of substantial evidence supporting the ALJ's decision. This court disagreed, but "a position can be justified even though it is not correct." *Pierce*, 487 U.S. at 566 n.2. The Commissioner was not unreasonable in arguing that the medical evidence discussed by the ALJ supported the ALJ's conclusion and was not undermined by the newly submitted doctor's report. (*See* Def.'s Br. [17] at 7.)

This court's decision to remand, *see* Op. & Order [25], should not be read to mean that *any* ambiguities created by newly submitted evidence require remand; rather, remand is required only where the new evidence affects the record in such a way that there is no longer substantial evidence supporting the ALJ's decision. Put another way, if there would be substantial evidence supporting the ALJ's finding of nondisability regardless of how the new evidence were interpreted or credited, the ALJ's decision is to be affirmed. In this case, the Commissioner was substantially justified in arguing that the ALJ's decision was still supported by substantial evidence.

## CONCLUSION

Plaintiff's Application for Fees Pursuant to EAJA [27] is DENIED.

IT IS SO ORDERED.

DATED this __3rd__ day of March, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

record, establish that Plaintiff is disabled"); *Broadbent v. Comm'r*, No. 12-770, 2013 WL 1900993, at *5 (D. Or. May 7, 2013) (remanding on the grounds that new evidence "renders the Commissioner's final decision unsupported by substantial evidence" because it described limitations "not accounted for in the RFC"). These opinions' differing applications of *Brewes* reflect the lack of clarity as to how that decision is to be applied.